JOSEPH TELFORD

v.

THE CHICAGO, PADUCAH AND MEMPHIS RAILROAD CO.

*Opinion filed April 21, 1898.*

1. CONTRACTS—*what consideration is sufficient to support promise to convey right of way.* The location of a line of railroad by agreement with the owner of a farm where he desired it and where it would not damage the farm, is a sufficient consideration to support such owner's promise to convey the right of way.

2. SPECIFIC PERFORMANCE—*when equity will specifically enforce oral contract to convey land.* Equity will specifically enforce an oral contract to convey land where the contract is based upon sufficient consideration, its terms are clearly proven and the complainant has fully performed his part thereof.

3. SAME—*when contract to convey right of way in consideration of locating railroad will be enforced.* An oral contract between a land owner and a railroad company, by which the former agreed to convey the right of way if the railroad should be located on the side of his farm instead of running diagonally through it, and a depot be established at a certain place, will be enforced in equity where the company has performed its part of the contract, which is not against the interests of the stockholders or the public.

APPEAL from the Circuit Court of Marion county; the Hon. TRUMAN E. AMES, Judge, presiding.

HENRY C. GOODNOW, for appellant.

J. H. ATTERBURY, and L. M. KAGY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill for specific performance of a contract to convey land for right of way, brought by the Chicago, Paducah and Memphis Railroad Company, against Joseph Telford. The cause proceeded to a hearing on the bill, answer, replication and evidence of the respective parties, and the court entered a decree as prayed for in the bill, to reverse which the defendant, Telford, appealed.

It is alleged in the bill that the complainant is a railroad corporation organized under the laws of the State

of Illinois, with power to build and operate a railroad from Altamont, in Effingham county, Illinois, through the counties of Effingham, Fayette, Marion, Jefferson and Franklin, to Marion, in Williamson county, with power to acquire the necessary right of way for such railroad; that Joseph Telford, residing in Marion county, was the owner of the following described real estate, to-wit: The south half of section 4, the north half of section 9, the south-west quarter of section 3, and the north half of the north-west quarter of section 10, township 3, north, range 3, east, in Marion county, which formed one compact body of land used as a farm by defendant; that on or about the 13th day of January, 1894, a verbal contract was entered into between Telford and the railroad company, in which it was agreed that if the line of road was located over and across the east side of Telford's land, and a depot located at Brubaker, he would convey the right of way in fee to the railroad company; that in pursuance of said contract the railroad company, with the knowledge and consent of Telford, entered upon the strip of land agreed to be conveyed for right of way and constructed its railroad thereon; that it erected a depot at the place mentioned in the verbal contract, and has operated its line of railroad as located, from the time it was constructed to the present.

It appears from the evidence that the farm of appellant, Telford, was located in Alma township. It consisted of over nine hundred acres of land. A committee had been selected to procure the right of way between Kinmundy and Salem. The committee had been authorized by the railroad company to select a point for a depot, and had also much to do with the location of the line of the road. The committee called a meeting of the citizens to talk over the matter of securing the right of way through Kinmundy and Alma townships. John W. Wilson, one of the committee, testified that at the meeting Telford said he did not want the road to go diagon-

ally across his farm; that if they would survey it on the east side of the land he would give the right of way on the east side, and thereupon the line of the road was changed. The witness also testified that there was some discussion in regard to the location of the depot, and it was finally located at Brubaker, with the understanding that Telford would convey the right of way to the company without any other consideration. It was also proved by eight other witnesses that Telford agreed that if the road was located on the east side of his farm and a depot established at Brubaker he would deed the right of way to the company. It was also proved that on a number of different occasions Telford agreed to make a deed, but never did so. It was also established by the evidence that the railroad company had fully complied with its agreement in the construction of the road and in the location of a depot. A deed for the right of way was prepared and executed by the wife of Telford, and when Telford was informed of the fact he said it was all right, but declined to sign the deed, for the reason, as he stated, that he had trouble with the railroad company in regard to the right of way.

So far as is shown by the record it is not denied that appellant agreed to convey the land described in the bill in consideration of the railroad company constructing its track and locating its depot, as alleged in the bill, but it is contended that a contract of that character is one which a court of equity should not enforce. The law is well settled that a court of equity will not enforce the specific performance of a contract not in writing unless the contract is based on a good consideration, the terms of the contract are clearly proven, and the party seeking specific performance has fully performed on his part. Here the railroad company fully performed the contract, entered into possession of the land agreed to be conveyed and constructed its line of railroad upon it, expending a large amount of money thereon, and at the request of

172—36

appellant erected fences on each side of the strip of land agreed to be conveyed. The location of the line of road, by agreement, where it would not damage appellant's farm and where he desired it, may be regarded as a sufficient consideration to support the contract.

In *Chicago, Burlington and Quincy Railroad Co.* v. *Boyd,* 118 Ill. 73, where the owner of land agreed to convey a part thereof to a railroad company for a section-house upon condition the company would locate a station on the owner's other land and erect depot buildings thereon, and the condition was fully performed by the railroad company and possession taken with the owner's consent, it was held that such performance of the contract would take the case out of the Statute of Frauds and authorize a decree for specific performance. In *Chicago and Eastern Illinois Railroad Co.* v. *Hay,* 119 Ill. 493, where the owner of land made an agreement with the railway company in which he agreed to convey a strip of land for a main and side-tracks in consideration of the location of a station on the premises, and the company entered into possession of the strip of land with the consent of the owner and performed its part of the contract, and continued in such possession, by itself and successor, for thirteen years, when the successor filed a bill for specific performance, it was held that the doctrine of *laches* had no application and the complainant was entitled to a decree. So, also, in *Hall* v. *Peoria and Eastern Railway Co.* 143 Ill. 166, a contract for the conveyance of a strip of land for right of way in case the line of road was located and built across a certain eighty-acre tract of land was upheld and sustained. The principle settled in these cases applies here.

There was in this case no effort made to prove that the location of the line of railroad and the location of the depot were detrimental to the interests of the stockholders or the public. Indeed, no complaint whatever is made from any quarter that the location was not a desirable one, and, so far as appears, those in charge of the loca-

tion acted with fairness and integrity, for the best interest of the stockholders of the railroad company and the public. What was therefore said in *Bestor* v. *Wathen,* 60 Ill. 138, and *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Mathers,* 71 id. 592, has no application to this case.

We think the decree of the circuit court was sustained by the evidence, and it will be affirmed.

*Decree affirmed.*